UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOANN AND JAMES IRWIN | CIVIL ACTION |
| VERSUS | NO. 07-7341 |
| ALLSTATE INSURANCE COMPANY | SECTION "T" (1) |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Remand. Rec. Doc. 5. Defendant filed an Opposition. Rec. Doc. 6. The matter came for hearing without oral argument on December 12, 2007 and was submitted on the briefs without oral argument. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and is ready to rule.

**I.     BACKGROUND**

This action arises out of an insurance dispute relating to damage to Plaintiffs' home following Hurricane Katrina. Plaintiffs filed this action in the Louisiana 22nd Judicial District Court, Parish of St. Tammany, and the matter was removed to this Court based upon diversity of citizenship jurisdiction. Plaintiffs filed the instant Motion to Remand claiming that their claims do not exceed $75,000 exclusive of interest and costs and has attached a stipulation attesting to that fact. Accordingly, Plaintiffs request that this matter be remanded back to the state court as diversity of citizenship jurisdiction is lacking. Rec. Doc. 5 at p. 3. Defendant's opposition states that it agrees to the remand however, it fears that after the suit is remanded, Plaintiffs will amend the suit to plead an amount in excess of $75,000. Rec. Doc. 6. Thus, Defendant requests that any order remanding this matter incorporate by reference Plaintiffs' Stipulation and express the Court's reliance on the stipulation as the basis for ordering th remand.

## II.     LAW AND ANALYSIS

Diversity of the parties must be complete in order for diversity jurisdiction to exist. Federal courts are courts of limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Insurance Company*, 243, F.3d 912 (5th Cir. 2001). To determine whether jurisdiction is present for removal, the federal court must consider the plaintiff's claims in the state court petition, as the claims existed at the time of removal. *Manguno v. Prudential Property and Casualty*, 276 F.3d 720 (5th Cir. 2002).

Plaintiffs' stipulation is specific and provides that the "total damages sought...in this cause of action do not exceed $75,000, including penalties and attorneys' fees, but exclusive of interest and costs." *See* Exhibit "1" attached to Rec. Doc. 5 at p. The stipulation also provides that "[n]either Plaintiffs nor their lawyer will accept a judgment amount in excess of $75,000 including penalties and attorneys' fees, but exclusive of interest and costs." *Id* at pp. 1-2. The stipulation also provides that "...we declare it is our intent to waive, relinquish, and/or renounce our entitlement to any damages, including penalties and attorneys' fees, but exclusive of interest and costs, in excess of $75,000, and further to renounce our right to enforce any judgment in this matter in an amount in excess of $75,000, including all penalties and attorneys' fees , but exclusive of interest and costs, in this matter." *Id* at p. 3.

Based upon the Plaintiffs' stipulation, the Court is satisfied that the amount in controversy in this matter does not exceed $75,000.00. As far as Defendant's fear that the action will be amended after the one (1) year removal period expires, Defendant can raise at the time any amendment is sought the stipulation filed into the record of this matter as a means to defeat the amendment adding additional damages. However, this Court must look to the claims at the time of

removal and in so doing finds that the amount in controversy is not satisfied as stated herein.

Accordingly and for the reasons stated herein,

**IT IS ORDERED** that Plaintiffs' Motion to Remand, Rec. Doc. 6, is **GRANTED.**

New Orleans, Louisiana this 22nd day of January, 2008.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**